## TURNER and Wife *against* COE and others.

In a suit brought by husband and wife jointly, *jure uxoris*, declarations made by her, not in his presence, are not evidence.

On the hearing of the bill stated in the preceding case, at

*Middletown, February* term, 1822, before *Brainard,* J. the defendants offered to prove, that after the delivery of the deed mentioned in the bill, executed by the plaintiffs and *Joseph Hale* to *Hezekiah Hale,* by *Joseph Coe,* on or about the 10th of *May,* 1821, *Anna Turner,* one of the plaintiffs, made certain admissions and declarations, in the presence and hearing of *Joseph Coe,* and sundry other persons, but not in the presence of *Joel Turner,* her husband, relating to said deed and the delivery of it to *Hezekiah Hale,* which were relevant and material ; to the admission of which testimony the plaintiffs objected ; and the court decided, that such testimony was not admissible, and rejected it. The plaintiffs having obtained a decree in their favour, the defendants moved for a new trial, on the ground that the testimony offered by them, was improperly rejected.

*Daggett* and *Stanley,* in support of the motion, contended, That *Anna Turner* being a party to the suit, and principally interested in the property in question, her admissions are evidence, for the same reasons, and to the same extent, as if the relation of husband and wife did not subsist between the plaintiffs. *Phill. Evid.* 71. n. (*a.*) by *Dunlap. Emerson* v. *Blonden,* 1 *Esp. Rep.* 142. *Swift's Evid.* 127.

*Staples* and *Hotchkiss,* contra, insisted, That in a suit brought by or against the husband and wife jointly, in right of the wife, the declarations of the wife are not evidence against him. *Alban* & al. v. *Pritchett,* 6 *Term Rep.* 680. *Winsmore* v. *Greenbank, Willes* 577. *Baker* v. *Morley, Bul. N. P.* 28. *Denn* v. *White* & ux. 7 *Term Rep.* 112. *Phill. Evid.* 64.

HOSMER, Ch. J. Where an action is brought by or against the husband, or by the husband and wife jointly, in right of the wife, the declarations of the wife are not evidence against him. If the husband bring an action of *assumpsit* for wages, earned by his wife, her acknowledgment of having been paid, is not evidence. *Hall* v. *Hill,* 2 *Strange* 1094. So, in an action of trespass against husband and wife, the wife's confession of a trespass committed by her, cannot be given in evidence to affect the husband. *Denn* v. *White* & ux. 7 *Term Rep.* 112. And in a suit by husband and wife, in right of the wife as executrix, no declarations of the wife can be given in evidence, by the defendant. The husband has an interest in the cause, and cannot be prejudiced, by an act or declaration of the wife ; whether

his right be, or be not, *jure uxoris.* *Alban* & al. v. *Pritchett,* 6 *Term Rep.* 680. If she act by his permission, or is constituted his agent or attorney, or her declarations are referred to by him, as the test of a fact, then what she declares is good evidence against the husband, not by reason of her being his wife, but because she acts in pursuance of authority delegated by him, or is made a witness by his consent. *Emerson* v. *Blonden,* 1 *Esp. Rep.* 142. *Fenner* v. *Lewis,* 10 *Johns. Rep.* 38. These unquestionable principles, most clearly show, that the admissions and declarations of Mrs. *Turner* relating to the deed in question and its delivery, not made in the presence of her husband, were not evidence in the cause, on the hearing below; and that such offered testimony was rightly rejected.

The other Judges were of the same opinion.

New trial not to be granted.